UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, | 19 CV _____ |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| MINELLI CONSTRUCTION CO., INC. and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | |
| Defendants. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section 220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4.      Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation.

7.      Plaintiff New York City District Council of Carpenters (the "Union") (together with the Funds, the "Plaintiffs") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Minelli (as defined below).  The Union maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

8.      Defendant Minelli Construction Co., Inc. ("Minelli") is a domestic business corporation incorporated under the laws of the state of New York.  At all relevant times, Minelli

was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Minelli maintains its principal place of business at 300 Corporate Plaza, Islandia, New York 11749.

9.      Defendant Fidelity and Deposit Company of Maryland ("Fidelity") (together with Minelli, the "Defendants") is a corporation authorized to do business within the insurance industry in the State of New York.  Fidelity has a statutory home office located at 600 Red Brook Blvd., Suite 600, Owings Mills, Maryland 21117, and its principal place of business is located at 1400 American Lane, Schaumburg, Illinois 60196.

## STATEMENT OF FACTS

10.      At all relevant times, Minelli was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the Union.

11.      The CBA required Minelli to make specified hourly contributions to the Funds and pay specified hourly wages to its employees in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12.      In February 2019, the Funds conducted an audit of Minelli covering the period December 26, 2016 through September 23, 2018 ("Audit").  The Audit revealed that Minelli failed to report and remit contributions to the Funds in the principal amount of $149,241.54.

13.      Minelli also failed to remit all required contributions to the Funds in connection with Covered Work it performed at the LaGuardia Community College located in Long Island City, New York (the "Project") for the period of in or around October 2018 through the present.

14.      Minelli also deducted union dues from its employees' wages and failed to remit such monies deducted to the Union as required by Minelli's CBA in connection with work Minelli's employees performed on the Project.

3

15.     Fidelity issued a payment bond guaranteeing payment of all wages and benefits owed by Minelli and its subcontractors in connection with work they performed on the Project.

16.     By issuing the payment bond, Fidelity assumed liability for the payment of all contributions and union dues owed by Minelli in connection with work it performed on the Project.

<u>**THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST MINELLI**</u>
<u>*Unpaid Contributions Under 29 U.S.C. § 1145*</u>

17.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

19.     The CBA requires that Minelli make contributions to the Funds for all Covered Work it performed, including any Covered Work performed on the Project.

20.     Minelli performed Covered Work without remitting contributions as required by the CBA, as revealed by the Audit of Minelli.

21.     Further, Minelli failed to remit contributions to the Funds in the principal amount of at least $475,406.04 for Covered Work it performed on the Project.

22.     Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Minelli is liable to the Funds for: (1) for all unpaid contributions found to be due and owing pursuant to the Audit; (2)  unpaid contributions on the Project; (2) interest on all of Minelli's unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection

costs incurred by the Funds in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST MINELLI
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

23.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

25.     Minelli violated the terms of the CBA when it failed to make all contributions for work it performed as revealed by the Audit and on the Project.

26.     As a result of Minelli's violation, the Funds are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THE UNION'S THIRD CLAIM FOR RELIEF AGAINST MINELLI
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

27.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

29.     Minelli violated the terms of the CBA when it deducted union dues from its employees' wages and failed to remit such monies deducted to the Union.

30.     As a result of Minelli's violation, the Union is entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of NYLL § 220-g*

31.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.     New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

33.     By issuing the bond, Fidelity assumed joint and several liability with Minelli to pay any and all wages and supplements due and owing as a result of Minelli's failure to pay for work performed on the Project.

34.     Minelli failed to make all supplemental benefits payments to the Funds in connection with work performed by Minelli's employees on the Project.

35.     In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayments.

36.     Therefore, Defendants are required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Project.

**PLAINTIFFS' FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Common Law Claim Against the Bond*

37.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.     Fidelity issued a common-law bond on the Projects.

39.     Pursuant to the common-law bond, Fidelity guaranteed the payment of wages and benefits to Minelli's employees on the Project and thereby assumed joint and several liability with

Minelli to pay any and all wages and benefits due and owing as a result of Minelli's failure to pay wages and benefits for work performed on the Project.

40.     Minelli failed to make all required payments to Plaintiffs for work performed by its employees on the Project.

41.     Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Fidelity is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i.     Award judgment in favor of Plaintiffs and against Minelli for its failure to pay Plaintiffs all union dues and contributions required by the CBA;

ii.    Order Minelli to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and audit costs/collection costs incurred by the Funds;

iii.   Award judgment in favor of Plaintiffs and against Fidelity for the amount of all contributions and union dues owed by Minelli for work it performed on the Project, plus interest; and

iv.    Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York                               Respectfully submitted,
       August 27, 2019

                                                        **VIRGINIA & AMBINDER, LLP**

                                              By:       _____/s/_____
                                                        Nicole Marimon
                                                        Charles R. Virginia
                                                        40 Broad Street, 7th Floor
                                                        New York, NY 10004
                                                        Tel: (212) 943-9080
                                                        *Attorneys for Plaintiffs*